UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**NELDA RUTH BURGESS,**              )
                                     )
    **Plaintiff,**                     )
                                     )
**vs.**                              )   Civil Action Number
                                     )   **1:15-cv-00519-AKK**
**SOCIAL SECURITY**                  )
**ADMINISTRATION**                   )
**COMMISSIONER,**                    )
                                     )
    **Defendant.**                     )

## MEMORANDUM OPINION

Nelda Ruth Burgess brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C §405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA").  This court finds that the Administrative Law Judge ("ALJ") applied the correct legal standard and that his decision – which has become the decision of the Commissioner - is supported by substantial evidence.  Therefore, the court **AFFIRMS** the decision denying benefits.

### I.  Procedural History

Burgess filed her application for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income on November 17, 2011, alleging a disability onset date of February 2, 2011, due to swelling in her legs, feet, and

1

hands; manic depression; panic and anxiety attacks; suicidal tendencies; and back and neck pain. (R. 30, 97). After the SSA denied her application, Burgess requested a hearing before an ALJ. (R. 23). The ALJ subsequently denied Burgess' claim, (R. 20-45), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1-4). Burgess then filed this action pursuant to §205(g) of the Act, 42 U.S.C. §405(g). Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. §405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A); 42 U.S.C. §416(I). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. §416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.  The ALJ's Decision

In performing the Five Step sequential analysis, the ALJ initially determined that Burgess had not engaged in substantial gainful activity since February 2, 2011, her alleged onset date, and therefore met Step One. (R. 25). Next, the ALJ acknowledged that Burgess' severe impairments of mild to moderate spondylosis;

4

situational depression; generalized anxiety disorder; chronic pain syndrome; and substance abuse/addiction (cocaine, methamphetamines, marijuana, alcohol, and Lortab) met Step Two. (R. 25-26). The ALJ then proceeded to the next step and found that Burgess did not satisfy Step Three since she "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (R. 27). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ Proceeded to Step Four, where he determined that Burgess has the residual functional capacity (RFC) to:

> [P]erform light work …[but] cannot climb ladders, ropes, poles, or scaffolds….[Burgess] cannot work at unprotected heights….cannot work with operating hazardous machinery.…cannot operate motorized vehicles.…[and] does not possess the concentration, persistence, and pace necessary to safely carryout simple instructions or attend to all customary work pressures over the course of a complete eight-hour work day.

(R. 29-30). In light of Burgess' RFC, the ALJ determined that Burgess "is unable to perform any past relevant work." (R. 37). Lastly, in Step Five, the ALJ considered Burgess' age, education, work experience, and RFC, and determined "there are no jobs that exist in significant numbers in the national economy that [Burgess] can perform." (R. 39). As a result, the ALJ determined that a finding of "disabled" was appropriate. (R. 40).

However, because "[a] finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits," *Parra v. Astrue*, 481

5

F.3d 742, 746 (9th Cir. 2007) (quoting *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001)), the ALJ next considered Burgess' history of substance abuse, (R. 45). The ALJ undertook this analysis because Burgess cannot receive disability benefits "if alcoholism or drug addiction…[is] a contributing factor material to the Commissioner's determination that [she] is disabled." *Parra*, 481 F.3d at 746 (quoting 42 U.S.C. §423(d)(2)(C) of the Contract with American Advancement Act of 1996 ("the CAAA")). The ALJ found that Burgess had a severe impairment of substance abuse/addiction and denied Burgess' claim because the medical evidence indicated that Burgess' substance use was a "material contributing factor" to her disability under the CAAA. (R. 45). According to the ALJ, "if [Burgess] stopped [her] substance use, [Burgess] would have the residual functional capacity to":

> [P]erform light work…alternate between sitting, standing, and walking at 60-minue intervals, while remaining at her workstation….[and could] frequently use her upper extremities for handling and fingering….[but Burgess could not] climb ladders, ropes, poles, or scaffolds….[could not] work at unprotected heights….[could not] work with operating hazardous machinery….[and could not] operate motorized vehicles….[However, Burgess would] possess the concentration persistence, and pace necessary to understand, remember, and carryout simple instructions, in the performance of simple, routine, and repetitive work activity, as well as attend to all customary work pressures over the course of an eight-hour workday….[Burgess could] perform production rate work….[but could not] perform work that require[d] her to respond to rapid and/or multiple demands….changes in [Burgess'] work activity and/or work setting [would have to] be infrequent and gradually introduced….[and Burgess could] respond appropriately to supervision, [but]…[would be] better suited for and [could] perform work requiring only occasional supervision….[Burgess

>could] frequently interact with coworkers, so long as interaction [was] casual….[and Burgess could not] perform work activity that require[d] interaction with the public.

(R. 41). Based on this RFC, Burgess' age, education, and work experience, "there would be a significant number of jobs in the national economy that [Burgess] could perform" if Burgess stopped her substance use. (R. 44). Therefore, the ALJ found that "because the substance use disorder is a contributing factor material to the determination of disability, [Burgess had] not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of [the ALJ] decision." (R. 45).

## V. Analysis

Burgess contends that the ALJ erred in applying the CAAA and by not conducting a longitudinal review of her emotional problems. Doc. 9 at 3. As shown below, neither contention establishes that the ALJ committed reversible error. Therefore, the court will affirm the ALJ's decision.

*1. The ALJ properly applied the CAAA*

Burgess alleges that the ALJ erred in applying the CAAA because the ALJ failed to make a determination that Burgess had a substance <u>addiction</u> disorder. Doc. 9 at 7. At issue here is the distinction between a substance <u>addiction</u> disorder, which triggers the CAAA, and a substance <u>use</u> disorder, which does not. According to Burgess, the ALJ referred only to her "substance <u>use</u>" as the basis

for rejecting her claim. *Id.* Burgess is essentially arguing that because the ALJ categorized her substance abuse/addiction as a "substance <u>use</u> disorder," the ALJ erred. The court disagrees and finds that the ALJ made a proper determination that Burgess had a substance <u>addiction</u> disorder, and that there is substantial evidence in the record to support the ALJ's decision.

When Congress passed the CAAA, it amended the Social Security Act to provide that a claimant "shall not be considered to be disabled … if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." *Doughty v. Apfel*, 245 F.3d 1274, 1278-79 (11th Cir. 2001) (quoting Pub. L. No. 104-121, §105(a)(1), (b)(1), 110 Stat. 847, 852, 853 (codified as amended at 42 U.S.C. §423(d)(2)(C) (1997))). Consistent with the intent of the CAAA, "the regulations implementing [the CAAA] provide that once the Commissioner determines a claimant is disabled and finds medical evidence of drug addiction or alcoholism, the Commissioner then 'must determine whether … drug addiction or alcoholism is a contributing factor material to the determination of disability.'" *Doughty*, 245 F.3d at 1279 (quoting 20 C.F.R. §404.1534). This is precisely what the ALJ did in this case.

After determining that Burgess was "disabled," (R. 38-39), and that Burgess suffered from the severe impairment of "substance <u>abuse/addiction</u>," (R. 25), the

ALJ determined next that Burgess' substance abuse/addiction was a contributing factor material to the determination of disability. (R. 20-45). Substantial evidence supports the ALJ's determination at Step Two that Burgess suffered from the severe impairment of "substance abuse/addiction." (R. 25). Although Burgess testified that she did not have a drug problem, the evidence establishes extensive drug abuse and addiction during the disability period. (R. 787-788). Specifically, Burgess testified that she abused narcotic pain medications off and on from 2004 to April 2012, *see* Exhibit 20F; (R. 787-788), and had only one year of sobriety by December 2012, based on a statement Burgess made in a group session, *see* Exhibit 16F; (R. 34-35, 702). Also, Burgess admitted to experiencing blackouts, that she often required two days to recover from her drug/alcohol use, and that her alcohol and drug use made her unable to work. S*ee* Exhibit 4E; (R. 207-208). Furthermore, Burgess admitted to abusing anxiolytic and narcotic pain medications in 2012, (R. 787-788), and tested positive for amphetamines, benzodiazepines, tricyclic antidepressant, and opiates in 2012, (R. 477-479; 598). Based on this evidence, the ALJ found Burgess' substance abuse/addiction impairment "'severe' meaning… [it] significantly limit[ed] [Burgess'] ability to perform basic work activities… [and had] more than a minimal effect on [Burgess'] ability to perform basic work activities." (R. 26). In other words, Burgess' drug abuse/addiction was a contributing factor material to the determination of disability.

The court notes that Burgess is correct that the ALJ refers to her "substance use disorders" throughout his decision. Doc. 9 at 7. However, this linguistic distinction is not significant because, as outlined above, substantial evidence supports a finding that Burgess had a substance addiction disorder. More importantly, however, the ALJ references Burgess' "substance use disorders" when reviewing her severe impairments, (R. 27-28), and makes clear at Step Two that Burgess has a severe impairment of "substance abuse/addiction, to wit: cocaine, methamphetamines, marijuana, alcohol, and Lortab," (R. 25-26). It is clear from the record that Burgess abuses/is addicted to several substances, and that the ALJ labeled Burgess' polysubstance abuse as "substance use disorders" (emphasis added), to be all encompassing of Burgess' many addictions. In other words, the ALJ correctly applied the CAAA. Put simply, the record is replete with evidence of continuing abuse and addiction to illegal drugs and provides sufficient support for the ALJ's finding that Burgess had a substance addiction disorder.

2. *The ALJ conducted a longitudinal analysis of Burgess' emotional problems*

Burgess next contends that the ALJ erred by not conducting a longitudinal analysis of her emotional problems. Doc. 9 at 14. Allegedly,

> The ALJ viewed [Burgess'] overall medical condition as though the condition was at one point, stayed at that point, and that at that point [she] was capable of engaging in substantial gainful work activity….[but] had the ALJ evaluated [her] case longitudinally, he would have stumbled upon the assessment by Dr. Storjohann as being consistent with the medical evidence

> from the mental health center and would have, based on vocational expert testimony, been required to find [Burgess] incapable of sustaining competitive employment, 8 hours per day, 5 days per week because of the severity of [her] emotional problems.

*Id.* at 14-15.  While Burgess is correct that "it is vital to obtain evidence from relevant sources over a sufficiently long period prior to the date of adjudication to establish impairment severity," i.e., conduct a longitudinal review, doc. 9 at 16 (quoting 20 C.F.R. §404.1525, Appendix 1, ¶ 12.000(D)(2)), she ignores that the ALJ did so in her case.  First, because a proper longitudinal review focuses on evidence from the onset date forward, *see Forsyth v. Colvin*, 2015 WL 5063725, *3 (N.D. Ala. August 26, 2015), the ALJ based his RFC finding "on a consideration of the entire case record," which spans <u>over 9 years</u>, (R. 29-37; 42) (emphasis added), and "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," (R. 41).  *See also Forsyth v. Colvin*, 2015 WL 5063725, *3 (a proper longitudinal review uses prior history evidence insofar as it is useful to prove disability beginning at the onset date).  Moreover, the ALJ discussed the findings from the treatment records he reviewed.  *See* (R. 29-37).  This discussion is sufficient to establish that the ALJ properly conducted a longitudinal analysis.  *See Parks ex rel. D.P. v. Comm'r , Soc. Sec.*, 783 F.3d 847 (11th Cir. 2015) ("[T]here is no rigid requirement that the [ALJ] specifically refer

to every piece of evidence in his decision, so long as [the court can] conclude [that] the [ALJ] considered [the claimant's] medical condition as a whole.").

Burgess' contention about Dr. Storjohann's assessment is also unavailing. As a one-time consultative examiner, *see* (R. 35; 783-795), Dr. Storjohann's opinion is not entitled to any special deference or consideration, *see* 20 C.F.R. §404.1502, 404.1527(c)(2); *Crawford v. Comm'r, Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004); *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013), especially where, as here, his diagnosis of extremely severe depression, (R. 784-791), is contradicted by Burgess' treating physicians who repeatedly diagnosed Burgess with anxiety, generalized anxiety disorder, and depressive disorder NOS, *see* (R. 398, 400, 719, 842, 856, 897).  Therefore, the ALJ did not commit reversible error.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Burgess is not disabled is supported by substantial evidence, and that the ALJ applied the proper legal standards.  Therefore, the Commissioner's final decision is **AFFIRMED**.

**DONE** the 15th day of December, 2015.

                                                 **ABDUL K. KALLON**
                                     UNITED STATES DISTRICT JUDGE